UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARTIN DASKAL, individually and on
behalf of 333-345 GREEN LLC,

                Plaintiff,

-against-

BANCO POPULAR NORTH AMERICA,

                Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**13-CV-01942 (NGG) (VVP)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court are Plaintiff's motion to refer to the bankruptcy court (Pl.'s Mot (Dkt. 4)) and Defendant's motion to abstain and remand to state court (Def.'s Mot (Dkt. 9).) Because mandatory abstention applies, Plaintiff's motion to refer to the bankruptcy court is DENIED. Defendant's request for costs and fees is DENIED, but in all other respects its motion to abstain and remand to state court is GRANTED.

**I.    BACKGROUND**[1]

Plaintiff Martin Daskal ("Daskal"), a New York resident, individually and on behalf of 333-345 Green, LLC, a New York limited liability company, brought this action against Banco Popular North America, a New York banking corporation, in the Commercial Division of the New York Supreme Court, Kings County on March 2, 2012. (Not. of Removal (Dkt. 1) at Exs. A and B).) Plaintiff has alleged breach of fiduciary duty, breach of contract, and fraud and has requested injunctive relief and a declaratory judgment in connection with a loan and subsequent foreclosure on property located at 333-345 Greene Avenue in Brooklyn, New York (the

---

[1] The following background has been taken from Plaintiff's notice of removal (Dkt. 1), Plaintiff's motion to remand to bankruptcy court (Dkt. 4), Defendant's motion to abstain and remand to state court (Dkt. 9), and Plaintiff's memorandum in opposition to Defendant's motion to remand (Dkt. 10). Upon review of the record, the court finds that the parties are in agreement as to the relevant facts.

1

"Property"). (Id.) In or around June 2006, 333-345 Green LLC (the "Debtor"), whose members are Plaintiff Daskal and non-party Joseph Tyrnauer ("Tyrnauer"), obtained a loan from Defendant in order to finance development of the Property. (Not. of Removal, Ex. A at 4.) The loan was structured so that Plaintiff would receive funds at various intervals throughout the development process. (Id.) Plaintiff alleges that Defendant allowed Tyrnauer, whose company was the contractor for the development work, to fraudulently withdraw funds from the loan for his personal use by releasing funds at improper times and not monitoring excessive expense claims. (Id. at 6.) Plaintiff alleges that he warned Defendant of the fraud and that Defendant perpetuated Tyrnauer's fraud by improperly releasing funds when it had evidence of fraud. (Id. at 7-9.) The Debtor defaulted on the loan and Defendant thereafter commenced foreclosure proceedings against the Property. (Id. at 10-11.) Plaintiff alleges that Debtor defaulted on the loan because of Defendant's "conduct in permitting Tyrnauer to perpetuate a fraudulent scheme to draw excessive funds." (Id. at 11.) Plaintiff has requested damages, an order declaring the loan documents invalid, or an order reducing the amount Plaintiff owes under the loan. (Not. of Removal, Ex. A at 15.) Plaintiff also requested a stay of the foreclosure proceedings, but on January 17, 2012, The Commercial Division entered an Order granting summary judgment to Defendant in its foreclosure proceeding against Plaintiff. (Def.'s Mot., Ex. E at 46.)

Plaintiff removed this action from the state court on April 5, 2013, pursuant to 28 U.S.C. §§ 1334(b) and 1452(a) on the grounds that it is related to a pending bankruptcy proceeding that was filed under Chapter 11 of Title 11 of the Bankruptcy Code by the Debtor on or around January 8, 2013. (Not. of Removal.) Plaintiff has moved for the court to refer this matter to the United States Bankruptcy Court for the Eastern District of New York pursuant to Judge Weinstein's reference order of August 28, 1986. (Pl.'s Mot.) Defendant opposes referral to the

bankruptcy court and has moved for the court to abstain and remand this matter to the state court pursuant to 28 U.S.C. §§ 1334(c)(1), (c)(2), or 1452(b). (Def.'s Mot.)

## II. LEGAL STANDARD

28 U.S.C. § 1334(c)(1) provides that a district court may abstain "in the interest of justice, or in the interest of comity with State courts or respect for State law . . . from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). Permissive abstention applies to core proceedings. In re Petrie Retail, Inc., 304 F.3d 223, 228 (2d Cir. 2002). A core proceeding, pursuant to 28 U.S.C. § 157(b)(2), includes "matters concerning the administration of the estate [or] . . . other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship." Id. The potential "recovery of a contested [amount]" would typically meet the definition set forth in 28 U.S.C. § 157(b)(2), but when "the recovery of the contested [assets] is predicated upon a prior successful outcome of the judicial contest, the contested proceeding does not meet the definition of core unless and until it has been concluded in favor of the plaintiff." Acolyte Elec. Corp. v. City of New York, 69 B.R. 155, 172 (Bankr. E.D.N.Y. 1986); see also Weiner's, Inc. v. T.G. & Y. Stores Co., 191 B.R. 30, 32 (Bankr. S.D.N.Y. 1996) (holding that a case "is not transformed into an estate administration matter simply because it may ultimately bring funds into the estate").

28 U.S.C. § 1334(c)(2), which provides for mandatory abstention, applies to non-core proceedings. See In re Petrie, 304 F.3d at 232. When presented with a "timely motion of a party in a proceeding based upon a State law claim or State law cause of action," a district court must abstain from hearing a matter that "could not have been commenced in a court of the United States absent jurisdiction under this section . . . and [which] can be timely adjudicated, in a State

3

forum of appropriate jurisdiction." 28 U.S.C. § 1334(c)(2). A state proceeding that "can result in funds being brought into an estate [is] . . . a 'related proceeding,'" and is governed by mandatory abstention principles. Acolyte, 69 B.R. at 175.

## III. DISCUSSION

### A. Whether this Matter is a Core Proceeding Under 28 U.S.C. § 157(b)(2)

Plaintiff argues that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O)[2] because it "concerns (i) the determination of the assets of the Estate; (ii) the determination of whether the conduct alleged in the complaint injured the Estate; (iii) the confirmability of any Plan submitted by Debtor; and (iv) the ability of Debtor to timely proceed in its attempt to liquidate under Chapter 11." (Pl.'s Mem. in Opp. (Dkt. 10) at 6.) Defendant argues that this is not a core proceeding because there has been no "final judicial recognition and liquidation of the plaintiff's right to recovery." (Def.'s Mot. at 12 (citing Acolyte, 69 B.R. at 173).) The court agrees with the Defendant. This proceeding will only provide a source of assets for the bankruptcy estate if there is a final determination in the Plaintiff's favor. Until such time as that may happen, this matter is a non-core, but related to, proceeding and therefore must be analyzed under mandatory abstention principles.

### B. Whether Mandatory Abstention is Appropriate Under 28 U.S.C. § 1334(c)(2)

In order for mandatory abstention to apply, six elements must be satisfied:

> (1) a party to a proceeding files a timely motion to abstain; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding is a non-core, but "related to" proceeding and does not arise under the Bankruptcy Code; (4) there is no basis for federal jurisdiction other than 28 U.S.C. § 1334; . . . (5) an action is commenced[,] and [(6) the action] can be timely adjudicated in state court.

---

[2] Although Plaintiff initially argued that this was a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (H), and (O), (Pl.'s Mot.) he appears to have abandoned this argument as it relates to subsections (B) and (H), which the court finds appropriate as it does not find those sections applicable here.

In re Taub, 413 B.R. 81, 88 (Bankr. E.D.N.Y. 2009); see also Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC, 11 Civ 2232 (NRB), 2011 WL 4965150, at *6 (S.D.N.Y. Oct. 19, 2011). Mandatory abstention is only appropriate if each element is met. See id. Plaintiff does not contest the first five elements.[3] (Pl.'s Mem. in Opp. at 7.) Thus, the only factor at issue is whether the action can be "timely adjudicated" by the state court.

A court balances four factors when evaluating whether an action may be timely adjudicated by the state court:

> (1) the backlog of the state court's calendar relative to the federal court's calendar; (2) the complexity of the issues presented and the respective expertise of each forum; (3) the status of the title 11 bankruptcy proceeding to which the state law claims are related; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate.

Parmalat Capital Fin. Ltd. v. Bank of Am. Corp., 639 F.3d 572, 580 (2d Cir. 2011). When considering these factors, courts look at whether there are complex issues of law or of fact, with the expectation that complex issues of law may be more quickly adjudicated by the court with more expertise in that area of law and complex issues of fact may be more quickly adjudicated by the court that is more familiar with the record of the case, id., and "whether the state court case is 'actively proceeding towards a trial,'" In re Leco Enters., Inc., 144 B.R. 244, 251 (S.D.N.Y. 1992).

"[T]he party seeking to litigate in a federal forum" bears the burden of showing that the matter could not be timely adjudicated in state court. Acolyte, 69 B.R. at 180. "[C]onclusory statement[s] that matters generally take longer to work their way through the state court" are insufficient to make this showing. Id.

---

[3] Plaintiff stipulates to these elements only "insofar *arguendo* as this is not a core proceeding." (Pl.'s Mem. in Opp. at 7.) As explained above, this is not a core proceeding. The court therefore accepts Plaintiff's stipulations to these elements and will not discuss them further.

Plaintiff alleges that because the Debtor's liquidation plan was confirmed within four months of filing, the bankruptcy court would be able to adjudicate this state law action in a similarly expedient fashion. (Pl.'s Mem. in Opp. at 7.) The fact that the bankruptcy court was able to quickly confirm the Debtor's liquidation plan bears little, if any, relevance to its ability to adjudicate this proceeding in a more timely manner than the state court. Plaintiff has not shown that timely adjudication weighs in favor of the bankruptcy court by, for example, stating that the issues are similar and therefore could be similarly and efficiently handled, that the bankruptcy court was able to act quickly because of a small backlog of cases, or that the state court would not be able to adjudicate this matter quickly. The bankruptcy court's ability to quickly adjudicate one type of case does not mean that it is the most timely forum for a different case involving different laws. Plaintiff further alleges that because this action is "related to the other state-court cases[4] [it would] take years to be ready for trial, assuming the [pending] motion for summary judgment is denied." (Id.) Plaintiff has not explained the relationship between this case and "the other state-court cases," nor has he shown why the presence of related state court cases would require "years" for this case to be ready for trial in the state court. The court will not credit such conclusory statements.

Additionally, Plaintiff does not challenge the state court's expertise or allege that the bankruptcy court has superior expertise to resolve questions of law or fact that may arise in this proceeding. (Id.) ("Daskal does not question the expertise of the Commercial Division of Kings County Supreme Court."). Defendant argues that "Federal Courts in this Circuit have repeatedly concluded that the Commercial Division of the State Court, from which this matter was removed,

---

[4] Plaintiff appears to be referring to "a number of other actions that were pending in State Court related to 333 Green and other entities in which [Debtor member] Tyrnauer and [Debtor member] Daskal were each 50% members," which he later states have all been removed. (Pl.'s Mem. in Opp. at 9.) The exact relationship between these state cases is unclear, as is the procedural posture of any of the other cases.

constitutes a 'timely' forum.'" (Def.'s Reply Mem. (Dkt. 11) at 5 (citing Post Investors v. Gribble, No. 12 Civ 4479 (ALC)(AJP), 2012 WL 4466619, at *6 (S.D.N.Y. Sep. 27, 2012); Allstate, 2011 WL 4965150, at *8).) The court agrees with the Defendant that the Commercial Division generally has been considered a timely forum and further finds that the Plaintiff has not carried its burden of proof in showing that the matter cannot be timely adjudicated in state court. The court therefore finds that the final element for mandatory abstention has been met. Accordingly, it will remand this proceeding to the state court.

### C. Costs and Fees

Defendant requests that the court award costs and expenses, including attorneys' fees, incurred as a result of Plaintiff's "improper removal." (Def.'s Mot. at 24.) Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Although the court may exercise its discretion to order the payment of fees and costs, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). The court does not find this to be such an unusual circumstance so as to require it to award costs and fees to the Defendant and it will therefore not exercise its discretion to do so.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion to refer is DENIED. Defendant's motion to abstain and remand is GRANTED in part and DENIED in part. Defendant's request for abstention and remand is GRANTED, but its request for an award of costs and fees is DENIED.

This action is remanded to the Commercial Division of the New York Supreme Court, Kings County for further proceedings.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
February 19, 2014

NICHOLAS G. GARAUFIS
United States District Judge